UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-159 |
| MARK J. TITUS | SECTION "B"(1) |

ORDER AND REASONS

Nature of Motions and Relief Sought:

Before the Court are pending Motions asserting an interest in property the United States ("Government") seeks to forfeit, the Government's responsive Motions and Oppositions, and briefs ordered by the Court regarding what constitutes a "bona fide purchaser" under both Louisiana law and federal forfeiture law, and related filings. (Rec. Docs. No. 102, 103, 105, 119, 120, 121, 130, 131, 132, 134, 139, 144, 147, & 148 ).

Three parties have asserted an interest in the property the Government seeks to forfeit, although only those of Joan Gail Stelzer ("Stelzer") and Mark James Titus  Jr. ("Titus, Jr.") are addressed here.[1] (Rec. Docs. No. 102 & 103).  Also before the Court is Titus, Jr.'s Motion for Leave to File an Amended Petition. (Rec. Doc. No. 134).

**IT IS ORDERED** that the Government's Motion to Dismiss Titus, Jr.'s petition is **GRANTED** (Rec. Doc. No. 119) and Titus, Jr.'s Motion for Leave to File an Amended Petition is **DENIED** (Rec. Doc.

---

[1] The third is Valerie Titus. Oral arguments concerning her petition will be heard on February 19, 2014 at 2:00 p.m. (*see* Rec. Doc. No. 182).

No. 134).

**IT IS FURTHER ORDERED** that Stelzer's petition is **DISMISSED**
**with respect to the property at 348 Diamond Street**. (Rec. Doc. No.
102).

**IT IS FURTHER ORDERED** that a hearing will be held on Stelzer's
Petition with respect to the 841-43 Washington Avenue property on
**February 19, 2014, at 2:00 p.m.**, concurrent with oral arguments
concerning Valerie Titus's related petition, wherein the parties
will address whether Stelzer was reasonably without cause to
believe that the property was subject to forfeiture at the time of
the alleged purchase. Both the Government and Stelzer will be
allowed to conduct limited discovery concerning whether Stelzer was
reasonably without cause to believe the 841-43 Washington Avenue
property was subject to forfeiture on the date of the alleged
purchase. Such discovery shall be completed **NO LATER THAN Thursday,**
**February 6th, 2014.**

Procedural History:

On October 10, 2012, the Court entered judgment against
Defendant Mark J. Titus ("Defendant Titus") accepting his plea of
guilty[2] to Count One of the one-count Bill of Information,
Conspiracy to commit Mail Fraud in violation of 18 U.S.C. §1341,
and ordering restitution in the amount of $925,320. (Rec. Doc. No.

---

[2] The Court denied Defendant Titus' Motion to Withdraw Plea of Guilty.
(Rec. Doc. No. 69).

2

72). On the same date the Court conditionally granted the Government's Superceding Motion for a Preliminary Order of Forfeiture, subject to any objections Defendant Titus might make within a thirty day window. (Rec. Doc. No. 78 at 29-30). Defendant Titus filed no objections. The Government's motion and proposed preliminary order sought preliminary forfeiture in the form of a $925,320 money judgement against Defendant Titus *in personam,* a preliminary order of forfeiture against 4637-4639 Tchoupitoulas Street as "tainted" property under 18 U.S.C. §981(a)(1)(C), and preliminary orders of forfeiture against 841-43 Washington Avenue and 348 Diamond Street as "substitute" property under 18. U.S.C. § 853(p). (Rec. Doc. No. 65).

On November 20, 2012 the Court entered a final Order of Forfeiture against Titus and the same properties. (Rec. Doc. No. 94, the "Final Forfeiture Order" hereinafter.) The Court found that Defendant Titus received $925,320 in proceeds from the offense of conviction and that a nexus existed between such proceeds and real property located at 4637-4639 Tchoupitoulas Street (the "Tchoupitoulas Property"), rendering such property "directly traceable" under 18 U.S.C. §981(a)(1)(C). Accordingly, the Court entered a final forfeiture judgment forfeiting to the Government (i) a $925,320 personal money judgment against Defendant Titus, (ii) the Tchoupitoulas Property, and (iii) as "substitute assets" under 18 U.S.C. §853(p), real properties located at 841-43

Washington Avenue, 901 Washington Avenue, and 348 Diamond Street. *Id*. The Government thereafter effected notice of the Order of Forfeiture to third parties with an interest in the real properties, including: Valerie Titus, Stelzer, Titus, Jr., and Property 348 LLC, of which Titus, Jr. was the sole partner at the time of the notice. (Rec. Docs. No. 105-4, 105-1, 108, 109, 110, 111, 119-5 & 119-5).

Titus, Jr., Defendant Titus's son, filed his petition *pro se* on December 28, 2012, asserting an interest in the Tchoupitoulas Property and claiming that he received ownership of Property 348, LLC, which holds title to the Tchoupitoulas Property, from his father on July 7, 2011. (Rec. Doc. No. 103 at 1-2).

The Government moved for Dismissal of Titus, Jr.'s Petition on January 22, 2013, arguing that he lacked standing to assert an interest in the property. (Rec. Doc. No. 119). On February 20, 2013, the Court ordered Titus, Jr. to respond by March 13, 2013. (Rec. Doc. No. 122 at 2). On March 27, 2013, after requesting and receiving an extension of time, Titus, Jr. filed opposition and a Motion for Leave to File an Amended Petition that effectively sought to substitute "Property 348, LLC," for "Mark Titus, Jr." in his petition. (Rec. Doc. No 134).

Stelzer, Defendant Titus's mother-in-law, filed a petition asserting an interest in the 841-43 Washington Avenue and 348 Diamond Street properties and requesting leave to conduct discovery

4

on December 24, 2012. (Rec. Doc. No. 102). Therein, she asserted that on July 7, 2011, she paid $10 for the Diamond Street property and $25,000 for the Washington Avenue property. *Id.* at 2.

The Government moved for dismissal of Stelzer's petition on January 11, 2013, and Stelzer filed opposition shortly thereafter. (Rec. Docs. No. 105 & 120). On February 20, 2013, the Court denied Stelzer's request for discovery for failure to show cause under Federal Rule of Criminal Procedure 32.2(c)(1)(B), denied the Government's Motion to Dismiss without prejudice to reconsider, and ordered briefing on the issue of what constitutes a "bona fide purchaser" under both Louisiana law and federal forfeiture law, advising that the Court would reconsider the Government's motion for dismissal after such briefing without further motions. (Rec. Doc. No. 122 at 3). Both Stelzer and the Government submitted briefs in response to the Court's Order and subsequent reply briefs. (Rec. Docs. No. 130, 131, 144, 148).

<u>Law and Analysis</u>:

**1. Third-party interests under 21 U.S.C. § 853(n) and Titus Jr.'s Petition**

"After an order of forfeiture is entered, the government is required to publish notice of the order and may also, to the extent practicable, provide direct written notice to anyone known to have a potential interest in the property." *United States v. Stone*, 304 F. App'x. 334, 336 (5th Cir. 2008), citing 21 U.S.C. § 853(n).

5

Within 30 days of said notice, any third party asserting an interest in property subject to forfeiture must petition the court for a hearing in order to assert his interest. *Id*. Under Federal Rule of Criminal Procedure 32.2(c), the Court is required to conduct an ancillary proceeding to adjudicate the third party interests. *Stone*, 304 Fed. Appx. at 335-36. Although the proceedings arise in a criminal context, they closely resemble civil proceedings. *Id*. at 336 (citing *United States v. Corpus*, 491 F.3d 205, 208 (5th Cir. 2007)). Thus, prior to a hearing or discovery, a court may, upon a party's motion, "dismiss the petition for lack of standing . . . or for any other lawful reason." *Stone*, 304 Fed.Appx. at 336 (quoting Fed. R. Crim. P. 32.2(c)(1)(A)).

The Fifth Circuit has long recognized that third-parties must first demonstrate standing to contest federal forfeiture of assets. *See*, *e.g.*, *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency*, 661 F.2d 319, 326 (5th Cir. 1981)(stating that a claimant who challenges the government's forfeiture of money or property under a federal statute "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture").

Here, as he concedes, Titus, Jr. has no standing to assert a personal interest in the Tchoupitoulas Property because it is owned

by Property 348, LLC. (Rec. Doc. No. 147 at 2).[3]

In federal forfeiture actions, ownership interests are determined by state law. *United States v. Lester*, 85 F.3d 1409, 1411 (9th Cir. 1996); *United States v. East Carroll Correctional Sys., Inc.*, 14 F.Supp. 2d 851, 853 (W.D. La. 1998). Louisiana law clearly states that "[a] member shall have no interest in limited liability company property." La. R.S. § 12:1329; *see also Kelly v. Porter*, 687 F.Supp. 2d 632, 636 (E.D. La 2010) ("Louisiana law provides that Kelly—even as the sole member of [an LLC]—has no ownership interest in [the LLC's] property.") It is therefore clear that Titus lacks standing to assert the interests of Property 348, LLC.

Thus, rather than assert standing, Titus, Jr. seeks leniency on two grounds. First, he asks the Court to liberally construe his Petition as asserting Property 348, LLC's interest rather than his own. (Rec. Doc. No. 132 at 3-4). He emphasizes that his petition made reference to his recent acquisition of and sole membership in the LLC, asserts that his intention to assert the LLC's interest is thereby made clear, and concludes that the "only rational" interpretation of his petition is as a good faith, *pro se* attempt to do what the law required of him. *Id.* at 4.

The Court cannot construe the petition as he requests, however, because it would result in illegality: *pro se* representation of a

---

[3] Titus states that it "is clear that [he] may not appear before this court, as a *pro se* petitioner, to contest the forfeiture of the Tchoupitoulas Street Property."

business entity. The Fifth Circuit has made clear that such representation violates federal law. *See Southwest Express Co., Inc. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally.")

Next, Titus, Jr. seeks leave to file an amended petition on behalf of Property 348, LLC, invoking the doctrine of equitable tolling. (Rec. Doc. No. 132 at 4). In support, he principally relies on *United States v. BCCI Holdings (Luxembourg), S.A.*, 916 F.Supp. 1276 (D.D.C. 1996). There, a district court tolled a similar thirty-day period for asserting interests in forfeited assets in favor of a foreign bank and denied the government's motion to dismiss. *Id.* at 1281-85. In applying equitable tolling, the *BCCI Holdings* court first found that the bank had exercised extensive due diligence. *Id.* at 1281. Specifically, the court found that the bank had received notice of forfeiture three weeks after the thirty-day petitioning period had expired and that the bank had proactively sought answers concerning frozen assets before such period even commenced. *Id.* at 1281.

Here, Titus, Jr. has not exhibited comparable due diligence and the Court accordingly concludes that he is not entitled to equitable tolling. The Fifth Circuit has explained that the doctrine applies only in "exceptional circumstances" and that the party invoking it bears the burden of proof. *Teemac v. Henderson*, 298 F.3d 452, 457

(5th Cir. 2002). Courts generally grant requests for equitable tolling only where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000). Most pertinent here, the Fifth Circuit has stated that neither "unfamiliarity with the legal process" nor "lack of representation during the applicable filing period" are proper bases for equitable tolling. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)quoting *James v. United States Postal Serv.*, 835 F.2d 1265, 1267 (8th Cir. 1988).

Titus, Jr. has not met the burden required to invoke equitable tolling. His request is premised almost entirely on his lack of legal knowledge and representation, which has been expressly rejected by the 5th Circuit as grounds for the relief he seeks. He has not shown due diligence—in fact, the only act of due diligence he claims to have made is that of filing his initial, albeit flawed, petition. (Rec. Doc. No. 132 at 5). He took over two months to find and enroll counsel after filing such petition. (*See* Rec. Doc. No. 124). He took nearly three months to request leave to file an amended petition, well after the period allowed by 21 U.S.C. § 853(n). This is a far cry from the investigative, proactive, and diligent efforts displayed in *BCCI Holdings*. Accordingly,

**IT IS ORDERED** that the Government's Motion to Dismiss Titus, Jr.'s petition is **GRANTED. IT IS FURTHER ORDERED** that Titus, Jr.'s

9

Motion for Leave to File an Amended Petition is **DENIED.**

**2. Third-party interests under 21 U.S.C. § 853(n) and Stelzer's Petition**

18 U.S.C. 982 provides, *inter alia*, that a defendant convicted of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 "shall . . . forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." 18 U.S.C. § 982(a)(6)(A). Forfeiture of such property, "including any seizure and disposition of the property and any related judicial or administrative proceeding," is governed by the provisions of 21 U.S.C. § 853. *See* 18 U.S.C. § 982(b)(1).

Subsection (a) of that section defines "Property subject to criminal forfeiture" as "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and](2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . ." 21 U.S.C. § 853(a). Subsection (c) provides that "all right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). Subsection (p) provides for "forfeiture of substitute property," allowing courts to order forfeiture of "other property of the

defendant" if the so-called "tainted" property described in subsection (a) cannot be located upon exercise of due diligence, has been sold to a third party, or has been diminished by other enumerated means. 21 U.S.C. § 853(p).

Finally, subsection (n) provides procedure and standards for third-parties to assert interests in forfeited properties. It provides third-parties an opportunity to petition for a hearing, present evidence, and gain title by establishing by a preponderance of evidence that they either (a) had an interest superior to the criminal defendant's at the time of the underlying criminal acts, or (b) were a "bona fide purchaser for value of the right, title, or interest in the property and [were] at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n). Such hearings may be consolidated "with a hearing on any other petition filed by a person other than the defendant under this subsection." 21 U.S.C. § 853(n)(4).

Here, the Government moved for dismissal of Stelzer's Petition on January 11, 2013. (Rec. Doc. No. 105). The Court denied that motion without prejudice to reconsider, held that Stelzer's petition established on its face that she did not have an interest superior to Titus's at the time of the underlying criminal acts, and thus ordered briefing on the issue of Stelzer's status as a "bona fide purchaser" under state and federal law. (Rec. Doc. No. 122 at 3 &

9). The Court advised the parties that after such briefing, it would reconsider the Government's Motion to Dismiss Stelzer's petition. *Id.*

Having reviewed both parties briefs on the issue, the Court now concludes that state and federal forfeiture law require dismissal of Stelzer's Petition with respect to the Diamond Street property.

Under 21 U.S.C. § 853(n), "the legal right, title, or interest of a third party is determined by state law [while federal] law determines whether that interest may be forfeited." *United States v. White*, 306 F. App'x 838, 840 (5th Cir. 2007); *see also United States v. Huntington Nat'l Bank*, 682 F.3d 429, 434, 437 (6th Cir. 2012).

Under Louisiana law, a sales contract effects a transfer of ownership when there is a thing, a price, and consent of the parties. LSA-C.C. Art. 2439. Regarding price, statutory law explicitly provides that "price must not be out of all proportion with the value of the thing sold. Thus, the sale of a plantation for a dollar is not a sale, though it may be a donation in disguise." LSA-C.C. Art. 2464. Donees, however, do not enjoy the protections of bona purchasers for value in forfeiture proceedings under 21 U.S.C. § 853. *United States v. White*, 306 F. App'x 838, 840 (5th Cir. 2007)("Abounding Love cannot be considered a bona fide purchaser of the lots under the statute, because it was a donee of the forfeited property"); *see also United States v. Allmendinger*,

3:10CR248-01, 2012 WL 966615 at *2 (E.D. Va. 2012).

Here, Stelzer's purchase of the Diamond Street property for $10 is insufficient to establish her as a bona fide purchaser for value. As appraised in September 2011, the same year Stelzer purchased it, the property is worth $181,000, over eighteen thousand times the value given by Stelzer (Rec. Doc. No. 121-5). Stelzer's nominal payment is clearly out of all proportion to the thing sold. Accordingly, Stelzer cannot qualify as bona purchaser under section 21 U.S.C. § 853(n)(6)(B) with respect to that property.

Perhaps anticipating this outcome, Stelzer argues at length that she need not prove herself a bona fide purchaser. (Rec. Doc. No. 131 at 3-9). In essence, she contends that she bought from her daughter and legitimately owned both properties before any forfeiture order issued. She thus implicitly challenges the Final Forfeiture Order as invalid on the grounds that 21 U.S.C. § 853 only allows forfeiture of "the property of the defendant." *Id*. at 9. In support, she relies on various federal appellate decisions holding that the relation-back doctrine does not apply to substitute property for the purposes of pre-conviction restraints and filings. *Id*. at 6-9.[4] Those cases are inapplicable here, however, as the

---

[4] For example, in *United States v. Erpenbeck*, the court held that the relation-back doctrine did not apply to substitute property for determining whether a criminal defendant's bankruptcy estate must receive direct notice of forfeiture proceedings. 682 F.3d 472, 466-77 (6th Cir. 2012). Similarly, in *United States v. Jarvis*, the court held that the relation-back doctrine could not ripen the government's interest prior to conviction and therefore could not validate pre-conviction *lis pendens*. 499 F.3d 1196, 1202-04 (10th Cir. 2007). These and other cases on which Stelzer relies to advance her claim of

13

Court already issued a final forfeiture order. In short, Stelzer's arguments that her interests in the subject properties pre-dated the Government's are analytically irrelevant.

As the Sixth Circuit has explained, Congress "carved out two exceptions to this relation-back clause in [21 U.S.C. § 853(n)(6)] to protect the rights of certain innocent third parties." *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012). Third-party petitioners may establish by a preponderance of evidence (A) that they, rather than the criminal defendant, held superior title at the time of the criminal act, or (B) that they are a "purchaser for value [who] at the time of purchase [was] reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C.A. § 853(n)(6). As the Court has explained in several prior orders, this framework guides the Court's analysis and provides the third-party petitioners ample opportunity to assert their rights and interests in forfeited property.

In summary, the Court has already held that Stelzer's petition does not allege that the she had an interest superior to Titus at the time of the criminal acts given rise to forfeiture. (Rec. Doc. No. 122). To prevail, she must therefore establish that she is a bona fide purchaser for value who was without cause to believe that either property was subject to forfeiture. The

---

superior title involve issues that are temporally and analytically anterior to the issues here. That is, in each instance no forfeiture order had issued and triggered the analysis called for by 21 U.S.C. § 853.

Court finds that Stelzer cannot meet those requirements with respect to the property at 348 Diamond Street, for which she paid $10. The Court will keep under consideration whether those requirements have been met with respect to the property at 841-43 Washington Avenue, withholding further ruling until all parties have been heard in open court. Accordingly, and in summary,

IT IS ORDERED that the Government's Motion to Dismiss Titus, Jr.'s petition is GRANTED and Titus, Jr.'s Motion for Leave to File an Amended Petition is DENIED.

IT IS FURTHER ORDERED that Stelzer's petition is DISMISSED with respect to the property at 348 Diamond Street.

IT IS FURTHER ORDERED that a hearing on Stelzer's Petition asserting an interest in 841-43 Washington Avenue property will be held on February 19, 2014, at 2:00 p.m., concurrent with Valerie Titus' oral argument on her related petitions. Both the Government and Stelzer will be allowed to conduct limited discovery concerning whether Stelzer was reasonably without cause to believe the 841-43 Washington Avenue property was subject to forfeiture on the date of the alleged purchase. Such discovery shall be completed NO LATER THAN Thursday, February 6th, 2014.

New Orleans, Louisiana, this 12th day of December, 2013.

UNITED STATES DISTRICT JUDGE