```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                          **CRIMINAL ACTION**

**VERSUS**                                            **NO. 11-159**

**MARK J. TITUS**                                     **SECTION "B"(1)**

## ORDER AND REASONS

<u>Nature of Motions and Relief Sought</u>:

Considering Petitioner Joan Stelzer's Motion for Reconsideration and the Government's Opposition (Rec. Docs. 185 & 193);

**IT IS ORDERED** that the motion is **DISMISSED** for the reasons explained in the Court's prior order (Rec. Doc. 184) as further discussed below.

<u>Procedural History</u>:

On October 10, 2012, the Court entered judgment against Defendant Mark J. Titus ("Defendant Titus") accepting his plea of guilty for violation of 18 U.S.C. §1341 and ordering restitution in the amount of $925,320. (Rec. Doc. No. 72). On the same date the Court conditionally granted the Government's Superceding Motion for a Preliminary Order of Forfeiture, subject to any objections Defendant Titus might make within a thirty day window, which sought preliminary forfeiture in the form of (i) a $925,320 money judgement against Defendant Titus *in personam,* (ii) a preliminary

order of forfeiture against 4637-4639 Tchoupitoulas Street as "tainted" property under 18 U.S.C. §981(a)(1)(C), and (iii) preliminary orders of forfeiture against 841-43 Washington Avenue and 348 Diamond Street as "substitute" property under 18. U.S.C. § 853(p). (Rec. Docs. 65 & 78 at 29-30).

On November 20, 2012, after Titus failed to object, the Court entered a written "Order of Forfeiture" against Titus and the same properties. (Rec. Doc. 94). Therein, the Court stated that it found that Defendant Titus had received $925,320 in proceeds from the offense of conviction and that a nexus existed between such proceeds and real property located at 4637-4639 Tchoupitoulas Street (the "Tchoupitoulas Property"), rendering such property "directly traceable" under 18 U.S.C. §981(a)(1)(C). *Id.* at 1-2. The Court further found that (i) despite the exercise of due diligence, the Government was unable to locate all Defendant Titus's illicit proceeds or property traceable to those proceeds, and (ii) that Titus commingled illicit proceeds with Real Property located at 841-43 Washington Avenue. *Id.* at 2.

Accordingly, the Court "ordered, adjudged, and decreed" that Defendant Titus's interests in the following properties were forfeited to the Government:

    (i) a $925,320 personal money judgment against Defendant Titus,

    (ii) the Tchoupitoulas Property, and

>    (iii) as "substitute assets" under 18 U.S.C. §853(p), real properties located at 841-43 Washington Avenue, 901 Washington Avenue, and 348 Diamond Street.

*Id.* at 2-3. The forfeiture order further stated that it was "final as to Mark J. Titus" and amended Judgment against Defendant Titus to state that "the Court hereby orders forfeiture of defendant's right, title and interest in the property" identified above. *Id.* at 3. Finally, the order authorized governmental seizure and control of those properties "pending the entry of [a] Final Order of Forfeiture following ancillary proceedings as to any third party claimants." *Id.*

The Government thereafter effected notice to third parties, including Stelzer, who then filed a petition asserting an interest in the 348 Diamond Street and 841-43 Washington Avenue properties (Rec. Doc. 102). The Government moved for dismissal of Stelzer's petition on January 11, 2013, and Stelzer opposed. (Rec. Docs. 105 & 120). On February 20, 2013, the Court denied the Government's motion "without prejudice to reconsider" and ordered briefs on what constitutes a "bona fide purchaser" under both Louisiana law and federal forfeiture law, advising that the Court would reconsider the Government's motion after receipt of those briefs. (Rec. Doc. No. 122 at 3). Both Stelzer and the Government submitted briefs in response to the Court's Order and after due consideration the Court granted the Government's motion and dismissed Stelzer's petition

3

with respect to the 348 Diamond Street property and denied with respect to the property at 841-43 Washington Avenue. (Rec. Docs. 130, 131, 144, 148, & 184). Stelzer now moves for reconsideration of such dismissal, asserting essentially the same arguments previously rejected by this Court. In order to assist movant even further, the Court nevertheless provides again its reasons for the prior rejection of arguments in detail below.

Law and Analysis:

**1. Arguments premised on Fed. R. Crim. P. 32.**

Stelzer first argues that the Court's order issued orally on October 10, 2012 and the and November 20, 2012 forfeiture order, which she labels a "Final Order of Forfeiture," both violated Fed. R. Crim. P. 32.2. (Rec. Doc. 185-1 at 1-4).

Specifically, she contends that the Court's oral and conditional grant of the Government's Motion for a Preliminary Order of Forfeiture failed to satisfy the requirements of Fed. R. Crim. P. 32.2(b)(2)(A)&(B). Section (b)(2)(A) of that rule provides in pertinent part that once a court finds that property is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the

4

statutory criteria." Section (b)(2)(B) provides that "unless do so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revision or modifications [before the order becomes final]." Here, both those requirements were satisfied. In conditionally granting the Government's "Motion for a Preliminary Order of Forfeiture," (Rec. Doc. 65) the Court effectively entered an order directing forfeiture in satisfaction of Fed. R. Crim. P. 32.2(b)(2)(A)&(B). That order effectively made all requisite findings and directed forfeiture of specific property, both "tainted" and substitute, in satisfaction of Fed. R. Crim. P. 32.2(b)(2)(A), and also effectively stayed such forfeiture for thirty days to allow Defendant Titus sufficient time suggest modifications, in satisfaction of Fed. R. Crim. P. 32.2(b)(2)(B). To the extent Stelzer implicitly contends that earlier entry of such orders was not impractical, she has failed to convince that such is the case. In short, Stelzer's arguments that the Court's October 10 ruling violated Rule 32.2(b)(2)(A)&(B) are without merit.

Stelzer further contends that the Court erred by entering a "final" order of forfeiture on November 20, 2012 in violation of Fed. R. Crim. P. 32.2(c)(2), which requires that final forfeiture orders be issued at the close of ancillary proceedings as necessary to account for third party rights. It is not clear why Stelzer

5

considers the November 20 order "final." That order quite clearly and by its own terms remains preliminary. It stated that "[t]his Order of Forfeiture is final as to Defendant Mark J. Titus," but explicitly allowed third parties to assert interests and "petition for amendment . . . pursuant to 21 U.S.C. § 853(n)," as Stelzer has done here. (Rec. Doc. 94 at 3-4). Morever, in making this argument Stelzer somehow ignores the fact that the Government and third-party petitioners are currently engaged in such an ancillary proceeding--the very purpose of which is to consider amending a preliminary forfeiture order. As should be clear from the posture of the case and numerous prior orders, the Court's forfeiture order remains preliminary with respect to third-party petitions for the purposes of Rule 32.2.

**2. 21 U.S.C. § 853(n) and the Relation-Back Doctrine.**

Next, Stelzer continues to contend that the "relation-back" doctrine does not apply to "substitute property" as defined by 21 U.S.C. § 853(p) and that she therefore need not follow and satisfy the procedures and standards established by 21 U.S.C. § 853(n). This argument again fundamentally misstates the present posture of this case and mis-characterizes the Court's November 20, 2012 order as "final."

Fed. R. Crim. P. 32.2(b)(2)(A) provides that, upon finding that specific property is subject to forfeiture, courts must enter preliminary forfeiture orders "without regard to any third party's

6

interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Subsection (c) provides that where prescribed by statute, courts must conduct ancillary proceedings in which a court may, on motion, dismiss petitions for "any lawful reason." Fed. R. Crim. P. 32(c)(1).

21 U.S.C. § 853(n), titled "Third party interests," governs the present ancillary proceedings, as previously explained. (Rec. Doc. 184 at 10). That section provides that any person may timely "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(1)-(2).  In such hearings petitioners must have the opportunity to establish by a preponderance of evidence that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

7

*Id.* § 853(n)(6). If either is established, the "court shall amend the order of forfeiture in accordance with its determination." *Id.*

Here, the Court has previously held that Stelzer's petition established on its face that she did not have an interest superior to the Defendants at the time of the underlying criminal acts under § 853(n)(6)(A). (Rec. Doc. 122 at 3 & 9). Accordingly, the Court directed Stelzer and the Government to brief whether she could qualify as a bona fide purchaser under § 853(n)(6)(B). After considering those briefs, the Court held that Stelzer's petition failed to allege facts establishing her status as a bona fide purchaser as to one of the two properties in which she asserts interests. (Rec. Doc. 184 at 15).

Stelzer nevertheless has contended--and continues to contend-- that she need not satisfy either prong of § 853(n)(6) because determining the date on which her interest in the properties arose is "the preliminary inquiry in the adjudication of her claim." (Rec. Doc. 185-1 at 4). She cites no authority for this proposition, however, and the cases on which she relies for arguing that the relation back doctrine does not apply to substitute property are inapposite here, as explained in prior order.

To reiterate: 21 U.S.C. § 853 and the Federal Rules of Criminal Procedure afford Stelzer ample and fair opportunity to contest and have amended the Court's preliminary forfeiture order. The Court has, moreover, explicitly directed her to address the

8

framework provided by those authorities. She has in large part failed to do so and her petition has been properly dismissed with respect to the 348 Diamond Street property. Accordingly, for the above and other reasons,

**IT IS ORDERED** that Stelzer's Motion for Reconsideration is **Dismissed**. (Rec. Doc. 185).

New Orleans, Louisiana, this 14th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE